UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONNA KAY LEE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GWENDOLYN MITCHELL, Warden,<br><br>　　　　　Respondent. | No. CV 01-10751-PA (PLA)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On May 1, 2012, the United States Magistrate Judge issued a Post-Remand Report and Recommendation ("Post-Remand R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on May 23, 2012, petitioner, through counsel, filed her "Objections to Post-Remand Report and Recommendation of United States Magistrate Judge [and] Application for Certificate of Appealability" ("Objections").

## DISCUSSION

To the extent that petitioner reiterates in the Post-Remand R&R the arguments that she previously raised concerning the adequacy and independence of the Dixon rule, those objections have been addressed in the Post-Remand R&R. To the extent that petitioner is purporting to

contend in her Objections that the Post-Remand R&R is "internally inconsistent," "contradicts[s] the various relevant dockets [sic] and docket entries," and provides an "incomplete or misleading picture of the record" (Objections at 2), the Court notes that petitioner points to no specific inconsistent, contradictory, incomplete, or misleading statement in the Post-Remand R&R.

Petitioner objects that the Magistrate Judge "accepts respondent's incorrect interpretation of Martin and … appears to place the ultimate burden of proof of petitioner" (Objections at 1, 5), but the Post-Remand R&R explicitly rejects respondent's interpretation of Martin (Post-Remand R&R at 19 n.6) and applies the burden-shifting scheme set forth in Bennett to the evidence adduced by the parties.

The Court further notes that petitioner misrepresents the applicability herein of Monarrez v. Alameda, 2005 WL 2333462, at *5-6 (C.D. Cal. Sept. 22, 2005), by asserting that the court therein found that the "same evidence provided here by petitioner" was found sufficient to meet petitioner's burden under Bennett. (Objections at 9). In petitioner's case, the Magistrate Judge assumed that the Ninth Circuit found that petitioner's evidence pertaining to the adequacy of the Dixon bar was sufficient to meet petitioner's burden under Bennett of placing the defense at issue. As noted in the Post-Remand R&R, after the petitioner in Monarrez adduced evidence at the first step of the Bennett analysis, the respondent "did nothing to affirmatively demonstrate the adequacy of the Dixon rule." (Post-Remand R&R at 22). Accordingly, the only issue addressed in Monarrez, the sufficiency of petitioner's evidence at the first step of the Bennett analysis, is not before this Court.

The Court notes as well that petitioner inconsistently: (1) argues that the Magistrate Judge "exceeded the scope of the Ninth Circuit's mandate on remand" and "requests that the Court solely analyze respondent's evidence under Bennett for adequacy and independence at the time of default, as mandated by the Ninth Circuit" (Objections at 2-3); and also (2) objects to the Magistrate Judge's finding that all of her claims fall under the Dixon rule (Objections at 4-5). The Ninth Circuit in its Memorandum, however, did **not** hold or even imply that the Dixon bar was **not** applicable to all of petitioner's claims (Grounds 5-11 of the SAP and Supplemental Grounds 1-4). To the contrary, as set forth in the Post-Remand R&R, the Ninth Circuit referenced all of the

1  relevant claims in directing this Court to "permit [respondent] to submit evidence" demonstrating
2  the "independence and adequacy of In re Dixon at the time of [petitioner's] procedural default."
3  (Post-Remand R&R (quoting Memorandum at 3-4)).  A finding by this Court that the Dixon bar
4  does not apply to some of the relevant claims undeniably would exceed petitioner's contention that
5  the Ninth Circuit's mandate "unambiguously" is limited to an analysis of "respondent's evidence
6  under Bennett for adequacy and independence at the time of default."  (Objections at 3).

7        The Magistrate Judge has already addressed the flaws in petitioner's interpretation of the
8  evidence of the adequacy of the Dixon bar at the time of petitioner's default in the Post-Remand
9  R&R.  In her Objections, petitioner now asserts, again without citation to any authority, that "[t]o
10 be adequate to bar federal review, the state court must apply a state rule **where it is warranted**,
11 not in a 'consistent percentage' of cases."  (Objections at 11 (emphasis added)).  The Supreme
12 Court, however, has held that:  "In order for a procedural bar to be adequate, state courts must
13 employ a "firmly established and regularly followed state practice."  Ford, 498 U.S. at 423-24.  To
14 the extent that petitioner is purporting to contend that the Dixon rule can only be held to be
15 adequate upon a showing by respondent that the state court employs the rule "regularly" "where
16 it is warranted," as set forth in the Post-Remand R&R, respondent has adduced evidence that the
17 rule was regularly applied in approximately twelve percent of habeas petitions denied in the six
18 months prior to the time that petitioner filed her brief on direct appeal.  The Court simply has no
19 basis for finding that the application of the Dixon rule was "warranted" in more than twelve percent
20 of the habeas petitions denied by the California Supreme Court during this, or any other, relevant
21 time period.  Similarly, the Court rejects petitioner's contention that the Magistrate Judge is "in
22 error in concluding that this paltry rate of application of the bar establishes the rule's adequacy."
23 (Objections at 9).  According to petitioner's Reply and her Objections, the bases of her claim of
24 error include merely her own speculation that "a much, much larger percentage of primarily non-
25 capital habeas petitions would likely have included record-based claims" (Post-Remand R&R at
26 20 (citing Reply at 9)) and the holding in Monarrez that the same evidence adduced herein by
27 petitioner was sufficient to get past the first step in the Bennett analysis.  (Objections at 9).
28

Neither basis is sufficient to cast any doubt on respondent's evidence showing the adequacy of the Dixon rule.

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Post-Remand Report and Recommendation, and petitioner's Objections thereto. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Post-Remand Report and Recommendation is adopted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: June 11, 2012

_____
HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE